PHILLIP A. TALBERT
Acting United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SOTO,<br><br>Defendant. | CASE NO.  1:16-CR-117-DAD-BAM<br><br>PLEA AGREEMENT<br><br>DATE: TBD<br>TIME: TBD<br>COURT: Hon. Dale A. Drozd |

## I.   **INTRODUCTION**

### A.   **Scope of Agreement**

The indictment in this case charges the defendant with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Possession with the Intent to Distribute Methamphetamine).  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   **Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in

the indictment.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   **DEFENDANT'S OBLIGATIONS**

### A.   **Guilty Plea**

The defendant will plead guilty to Count One of the Indictment, a violation of 21 U.S.C. § 841(a)(1),(b)(1)(A) (Possession with the Intent to Distribute Methamphetamine).  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.   **Sentencing Recommendation**

The defendant and his counsel may recommend whatever sentence they deem appropriate.

### C.   **Special Assessment**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office

1   immediately before the sentencing hearing.  If the defendant is unable to pay the special assessment at

2   the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating

3   in the Inmate Financial Responsibility Program.

4       **D.      Defendant's Violation of Plea Agreement or Withdrawal of Plea**

5           If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw

6   his plea, this plea agreement is voidable at the option of the government.  The government will no longer

7   be bound by its representations to the defendant concerning the limits on criminal prosecution and

8   sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime

9   or provide any statement or testimony which proves to be knowingly false, misleading, or materially

10  incomplete.  Any post-plea conduct by a defendant constituting obstruction of justice will also be a

11  violation of the agreement.  The determination whether the defendant has violated the plea agreement

12  shall be decided under a probable cause standard.

13          If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the

14  government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded

15  guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file

16  any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter

17  be subject to prosecution for any federal criminal violation of which the government has knowledge,

18  including perjury, false statements, and obstruction of justice.  The decision to pursue any or all of these

19  options is solely in the discretion of the United States Attorney's Office.

20          By signing this plea agreement, the defendant agrees to waive any objections, motions, and

21  defenses that the defendant might have to the government's decision to exercise the options stated in the

22  previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as

23  of the date of this plea agreement may be commenced in accordance with this paragraph,

24  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

25  and the commencement of any such prosecutions.  The defendant agrees not to raise any objections

26  based on the passage of time with respect to such counts including, but not limited to, any statutes of

27  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

28  Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**E.    Forfeiture**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 853. Those assets include, but are not limited to, the following:

       1.    $1,189 found at defendant's residence on May 5, 2016.

The defendant agrees that the listed assets constitutes property that is the proceeds of a violation of 21 U.S.C. § 841(a)(1).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

## III.   THE GOVERNMENT'S OBLIGATIONS

### A.   Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B.   Recommendations

#### 1.   Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, including the application of the mandatory statutory minimum term, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

#### 2.   Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.   Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement

bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count One, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1):

1.   That defendant knowingly and intentionally possessed a substance containing a detectable amount of methamphetamine; and

2.   Defendant possessed it with the intent to distribute it to another person

The defendant understands that for the defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to possess with intent to distribute or to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine or 50 grams of actual methamphetamine.  The defendant admits on or about May 5, 2016, defendant possessed with intent to distribute at least at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and at least 50 grams of actual methamphetamine.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum penalty

The maximum sentence that the Court can impose is a life term of incarceration, a fine of $10,000,000, a lifetime period of supervised release and a special assessment of $100.  The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e).  In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution

for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.    Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five years of additional imprisonment.

## VI.    SENTENCING DETERMINATION

**A.    Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Guideline Calculations**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

Base Offense Level:                                    +30    (§2D1.1(c)(5))

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). The government is not obligated to recommend any specific sentence, except as noted in Section III(B)(1) above.

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B.    Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 300 months.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.D (Defendant's Violation of Plea Agreement) herein.

### C.    Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D.   Impact of Plea on Defendant's Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because defendant is pleading guilty to narcotics trafficking charges, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition

//

//

//

//

//

//

//

exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _12 December 16_

DAVID A. TORRES
Counsel for Defendant

### B.   Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated: _12-12-2016_

JOSE SOTO, Defendant

### C.   Court Certified Interpreter/Translator

I declare that I am a court-certified Spanish-English interpreter/translator.  On

_____, I read the entire contents of the foregoing plea agreement to JOSE SOTO,

//
//
//
//
//

translating the document from English to Spanish.

Dated: _____          _____
                                          Interpreter/Translator

### D.   Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 12/13/16                           PHILLIP A. TALBERT
                                          Acting United States Attorney

                                   By: _____
                                          ANGELA L. SCOTT
                                          Assistant United States Attorney

PLEA AGREEMENT

11

**EXHIBIT "A"**
**Factual Basis for Plea**

The defendant JOSE SOTO agrees that the facts set forth below are true and accurate. Furthermore, if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On May 5, 2016, in Lamont, California, within the Eastern District of California, JOSE SOTO (hereinafter, "Defendant") knowingly and intentionally possessed with the intent to distribute the following methamphetamine in his Range Rover vehicle, which was parked at his residence:

- In a shoebox on the driver's seat, 10 plastic bags, each containing anywhere from 5 to 13 grams of methamphetamine, for a total of approximately 70 grams of a mixture or substance containing a detectable amount of methamphetamine; and
- On the driver's seat, a heat-sealed bag containing two pounds of a mixture or substance containing detectable amount of methamphetamine.

Also on May 5, 2016, Defendant knowingly and intentionally possessed with the intent to distribute approximately 24.9 grams of a mixture or substance containing a detectable amount of methamphetamine in the yard of his residence.

Defendant admits that the total amount of a mixture or substance containing a detectable amount of methamphetamine that Defendant possessed with the intent to distribute at his residence in Lamont, California on May 5, 2016, was approximately 1,002.9 grams. Defendant admits that he knew methamphetamine was a controlled substance under federal law at the time he possessed this methamphetamine.

Also on May 5, 2016, defendant possessed approximately $1,189.00 at his residence in Lamont, California, which were the proceeds of his narcotics trafficking activities.

Defendant also admits that he was on Kern County Mandatory Supervision for a prior narcotics trafficking offense on May 5, 2016.

Dated: 12-12-2016                              JOSE SOTO, Defendant